E-FILED
Friday, 19 May, 2006  03:19:26 PM
Clerk, U.S. District Court, ILCD

FILED
MAY 19 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 06-10004 |
| ABATHA HORO, | ) |
| Defendant. | ) |

### DEFENDANT'S AGREEMENT TO PLEAD GUILTY

Pursuant to Rule 11 of Federal Rules of Criminal Procedure, the attorney for the Government has been informed by the attorney for the Defendant that the defendant contemplates the entry of an open plea of guilty in this cause.

The terms of this Plea are as follows:

**I.**

1.  Defendant acknowledges that she has been advised of and does fully understand the following:

    (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

    (b) that she has the right to plead not guilty or to persist in that plea if it has already been made, and she has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself; and

    (c) that if she pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, she waives the right to a trial; and

    (d) that if she pleads guilty, the Court may ask her questions about the offense to which she has pleaded, and if she answers these questions under oath, on the record,

and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or false statement; and

(e) that if she pleads guilty, she will waive her right to persist in her plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against her at trial.

(f) that if she pleads, she is pleading guilty to a felony <u>punishable</u> by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), she will be forbidden by federal firearms laws from possessing any type of firearm in her lifetime, unless she obtains relief pursuant to 18 U.S.C. § 925, or other appropriate <u>federal</u> statute.

2. Defendant acknowledges that this Agreement to Plead Guilty constitutes the entire agreement and that no promises, inducements or representations, other than those specifically set forth in this Agreement to Plead Guilty were made to induce her to enter into this Agreement to Plead Guilty.

3. It is further understood that this agreement is limited to the Central District of Illinois, and nothing herein is intended to bind other federal, state or local prosecuting authorities. <u>It is further understood that this Agreement to Plead Guilty does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant</u>.

4. Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a)). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant understands that

2

she will be ordered to pay the full amount of the special assessment prior to or at the time of sentencing.

6. Defendant understands that the Court must impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision <u>and that the Government will recommend the imposition of a fine</u>. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated March 31, 2004, are, for imprisonment: $1,933.80 per month; for community confinement: $1,675.23 per month; and for supervision: $287.73 per month. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

8. The Defendant understands that if she is not currently detained that the Government will move for detention upon acceptance of the plea by the Court and if released the Defendant understands that if she commits any offense in violation of federal, state, or local law while on release in this case or violates any other conditions of release, the Government may request revocation of the Defendant's bond and forfeiture of any bail and may file additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw her plea.

9. The Defendant understands that the Government may move for an order pursuant to 18 U.S.C. § 6003 requiring the Defendant to give testimony or provide other information and that if such order is granted and the Defendant refuses to give such testimony or other information she may be subject to punishment for contempt.

10. The Defendant states that she has read this agreement and has discussed it with her attorney, and understands it.

## II.

1. The Defendant states that she is actually guilty of and will enter a plea of guilty to Counts1 and 2 of the indictment. Count 1 charges "Access Device Fraud," in violation of 18 U.S.C. § 1029(a)(2)(b)(1) and 2. The maximum penalty that can be imposed on Count 1 is not more than 10 years' imprisonment; $250,000 fine; 3 years' supervised release; and $100 special assessment. Count 2 charges "Identity Fraud," in violation of 18 .U.S.C. § 1028(a)(7), (b)(1)(D) and (f). The maximum penalty that can be imposed on Count 2 is not more than 15 years' imprisonment, a $250,000 fine; 5 years' supervised release; and $100 special assessment.

2. The Government and the Defendant agree that the following constitutes the essential elements of the offense as to Count 1:

FIRST, that the Defendant knowingly used, or attempted to use, a credit card number belonging to another person; and

SECOND, that the Defendant used such credit card number with the intent to defraud; and

THIRD, that as a result of such credit card number use, the Defendant obtained within a one-year period property and services having an aggregate value in excess of $1,000.

4

The Government and the Defendant agree that the following constitutes the essential elements of the offense as to Count 2:

FIRST, that the Defendant conspired with others to use, without lawful authority, the identification of another person; and

SECOND, that the Defendant did so with the intent to commit the office of "Access Fraud Device" as set out in Count 1.

The Defendant agrees and admits that her conduct violated these essential elements of the offense.

3.  The Defendant understands that she is entering an "open plea," although the Government has agreed to recommend the low end of the applicable Guidelines sentence range as the Court determines it.

4.  The Government submits to the Court that under the Sentencing Guidelines, after all facts have been considered, including a 3-level reduction for acceptance of responsibility, Defendant will have an Offense Level of 17 and a Criminal History of V, whereby the sentencing range is 46-57 months. The Government further submits to the Court that the Defendant's fine range will be $5,000 to $50,000 according to U.S.S.G. § 5E1.2. The Government and Defendant understand that this provision is not binding on the Court and constitutes the Government's good faith effort to inform the Court of the applicable sentencing range and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, she will not be permitted to withdraw her plea. The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to

5

inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. The Government specifically reserves the right to argue for and present testimony in support of or in opposition to the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

    5.    The Government anticipates that the base Offense Level in this case will be 6, pursuant to U.S.S.G. § 2B1.1(a)(2). <u>The Government</u> anticipates that the loss in this case, attributable to Defendant, will be less than $120,000 but more than $70,000. <u>The Defendant does not agree</u>. This issue will need to be resolved by the Court. If the Government is correct, Defendant will receive an 8-level increase, pursuant to U.S.S.G. § 2B1.1(b)(1)(E). The Government anticipates that the scheme in which Defendant participated involved "more than 10 people." <u>The Defendant disagrees</u>. This issue will need to be resolved by the Court. If the Government is correct, the Defendant will receive a 2-level increase, pursuant to U.S.S.G. § 2B1.1(b)(2)(A). The Government also anticipates that the scheme involved "sophisticated means," and that the Defendant will receive a 2-level increase, pursuant to U.S.S.G. § 2B1.1(b)(9). <u>The Government</u> further anticipates that the scheme involved "using identification to produce other identification," and that Defendant will

6

receive a 2-level increase, pursuant to U.S.S.G. § 2B1.1(b)(10).  <u>The Defendant disagrees</u>.  The Court will need to resolve this issue as well.

Accordingly, the Government anticipates that Defendant's final offense level will be 20. Defendant reserves the right to argue that it will be substantially less.

6. The Government anticipates that no victim-related adjustments will apply to this offense. *See* U.S.S.G. § 3.A.

7. The Government anticipates that the Defendant's role in the offense will be neither increased (under 3B1.1) or decreased (under 3B1.2).  The Defendant will argue that her role should be decreased.

8. The Government anticipates that there will be no finding that Defendant has obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level will not be increased.

9. The Government anticipates that by pleading guilty the Defendant may be entitled to a reduction of 3 Levels based upon a finding by the Court that the Defendant has demonstrated an acceptance of personal responsibility for her criminal conduct which would thereby reduce the Offense Level to 17 (from Offense Level 20).  *See* U.S.S.G. § 3E1.1.

10. The Government submits to the Court that it appears that the Defendant has amassed 12 Criminal History points and that her Sentencing Guideline Criminal History Category is V. This calculation is based upon the following information:

| Date | Offense | Sentence | Points |
|---|---|---|---|
| 11/23/90 | Burglary & Grand Theft; California | 2 years & 4 months D.O.C. | 3 points |
| 7/27/93 | Petty Theft; California | 1 year probation | 1 point |

| | | | |
|---|---|---|---|
| 10/25/94 | Receiving Stolen Property; California | 36 months' probation | 1 point |
| 4/29/97 | Receiving Stolen Property; California | 30 days & 36 months' probation | 1 point |
| 4/2/99 | Illegal Re-Entry by a Felon; Federal | 3 years B.O.P. | 3 points |
| 11/4/05 | Grand Theft; California | 16 months D.O.C. | 3 points |

<u>Defendant expressly recognizes that this calculation is not binding on the Government or the Court and that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing. Defendant recognized that, regardless of the Criminal History found by the Court, she will not be able to withdraw her plea.</u>

11.   The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

### III.

1.   A.   The Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant states that she has reviewed said discovery compliance with her attorney. Defendant states that she has been advised that there may be items of physical evidence in this case which may have biological evidence, such as semen, blood, saliva, hair, skin tissue, or other identifiable biological material, that could be subjected to DNA testing either now or in the future. Defendant understands that the Government [does not intend to conduct DNA

8

testing of any of the items of physical evidence] [has previously submitted the items listed below for DNA testing and does not intend to conduct DNA testing of any other items]:

Defendant states that she has discussed with her attorney her rights regarding DNA testing on the physical items seized as evidence in this case and is satisfied that there is no need for any [additional] DNA testing of any evidence in this case.

   B. The Defendant states that she specifically understands that she could request DNA testing of evidence in this case before she pleads guilty pursuant to this Plea Agreement. She further understands that, if the Court enters a judgment of conviction for the offense(s) to which she pleads guilty pursuant to this Plea Agreement, she could request DNA testing of evidence in this case after conviction under the conditions specified in 18 U.S.C. § 3600.

   C. The Defendant states that knowing and understanding her right to request DNA testing, she knowingly and voluntarily waives and gives up that right. She understands that this waiver applies to DNA testing of all items seized as evidence in this case that could be subjected to DNA testing. She further understands that she is waiving the right to request DNA testing of evidence in this case in the current proceeding, in any proceeding following conviction under 18 U.S.C. § 3600, and in any other type of proceeding in which DNA testing may be requested. She fully understands that, as a result of her waiver of the right of DNA testing, that she will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that she is actually innocent of the offense(s) to which she pleads guilty pursuant to this Plea Agreement.

D.  The Defendant states that she has fully discussed the significance of DNA testing both before and after her conviction and its possible uses with her attorney. The Defendant states she is satisfied with her attorney's explanation concerning DNA testing and the advice her attorney has provided to her concerning the consequences of waiving the right to request DNA testing.

E.  The Defendant states that she has been advised of her rights under 18 U.S.C. §§ 3600 and 3600A. Defendant states that she waives those rights and consents to the destruction of all items of physical evidence seized in this case.

RANDY G. MASSEY<br>
Acting United States Attorney

| s/ Defendant | s/Assistant US Attorney |
|---|---|
| ABATHA HORO | ROBERT L. GARRISON |
| Defendant | Assistant United States Attorney |

s/Defense Counsel
DENNIS M. SHEEHAN
Attorney for Defendant

Date: 5/19/06            Date: 5/19/2006